UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

IN RE:                                                                CASE NO.: 24-11338-SMG

UNIVERSAL-1 IMPORTS, INC.                           Proceedings under Chapter 11

    Debtor.
_____/

**DEBTOR'S SUPPLEMENTAL RESPONSE TO MOTION FOR PAYMENT OF ADMINISTRATIVE CLAIM FOR PAST DUE RENT AND REQUEST FOR FINAL ACCOUNTING**

Universal 1 Imports, Inc the Debtor herein, through undersigned counsel, files this Supplemental Response to Motion For Payment of Administrative Claim For Past due Rent and Request For Final Accounting and states:

1. Debtor objects to the amount of the Administrative Claim For Past Due Rent sought by Allison Pharmaceuticals Inc. (the "Sublessor").

2. The sublease provides:

a. **Payment of Rent**. Sublessee covenants and agrees to pay to Sublessor a monthly rental payment as stated on Schedule I attached hereto and incorporated herein by this reference (the "Rent"), which Rent shall be payable in advance, on or before the first day of each month beginning June, 2020, and continuing through the month of March, 2025.

3. Schedule I designates $18,132.81 to be the "Monthly Rental"

4. Debtor owes rent for December 2024, January and February 2025. Each month's

rent is $18,132.81 plus sales tax of $543.98 (3%) = $56,030.37. [1] Debtor is entitled to a credit for the last month and a security deposit held by Allison totaling $31,000.00 and overpayment of sales tax $3,354.10. .Administrative Rent Owed is: $21,676.27 ($56,030.37 - $34,354.10).

5. Debtor does not owe rent for March 2025 because Allison took back the property for their own purpose of in accordance with their lease with TGC, March 28, 2025and not to re-rent the space ton another tenant.

6. As to the Security deposit the Lease provides :

**Repairs. Sub lessee shall keep the Premises in good repair; ordinary wear and tear, repairs to roof, exterior of the building, and structural repairs excepted, unless such repairs are made necessary by the act or negligence of the Sublessee**

7. The damages claim raises two issues (1) the invoices supporting the claim are too vague to properly analyze and appear to contain items that are landlord's responsibility like maintaining the structure water tight, mold is caused by water intrusion and items consisting of "preventative maintenance" ; (2) any damages claim accrues after the tenant vacates and should not be classified as administrative rent, and is likely not even "rent" as it is not for the use and occupancy of the space. *See, i.e., 4-Way, Inc. V. Bryan*, 581 So. 2nd 208 ( 1st DCA 1991 ) .

8. The laminate flooring was installed by the Debtor over the existing flooring which was damaged when the Debtor commenced the lease.

9. The Roll Up door maintenance is "described as "Preventative " maintenance

---

[1] Allison has improperly calculated the amount of sales tax which is due a rate of 6.7%. Section 212.031, Florida Statutes, reduced the sales tax which is charged for renting, leasing, letting, or granting a license to use real property (aka commercial rentals) is from 4.5 percent to 2 percent

which is not the responsibility of the Debtor. Similarly, the cleaning of the dumpster area is part of the "exterior of the building".

10.     Debtor seeks dismissal which would terminate the stay so that the landlord can pursue its claim for damages under state law in state court.

WHEREFORE the Debtor respectfully requests an order of the Court denying the Landlord's Motion to Pay Administrative Rent, without prejudice and for such further relief as the Court deems just.

I hereby certify that a copy of this Motion was served to the attached list on this 28th day of March, 2025 and that I am admitted to the Bar of the United States District Court for the Southern District and I am in compliance with the requirements of Local Rule 2090-1(A).

SUSAN D LASKY, PA
Attorneys for Debtor
320 SE 18th St
Fort Lauderdale, FL 33316
(954) 400-7474
Sue@SueLasky.com


By:     */S/ SUSAN D. LASKY*
         SUSAN D LASKY, ESQ.
         Florida Bar No. 451096